IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VONDELL LEWIS,                           No. C-10-1621 TEH (PR)

        Petitioner,

    v.                                   ORDER TO SHOW CAUSE

RANDY GROUNDS, Warden,

        Respondent.
_____/

Petitioner, a California state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the May 5, 2009 decision of the California Board of Parole Hearings ("BPH") to deny him parole. Doc. #1. Petitioner has paid the filing fee.

I

According to the Petition and attachments thereto, on May 6, 1991, Petitioner was sentenced in Los Angeles County Superior Court to a term of twenty years-to-life in state prison following

his conviction of second degree murder with an attached firearm enhancement. Doc. #1 at 2. Petitioner filed a pro se petition for writ of habeas corpus challenging BPH's May 5, 2009 decision to deny him parole in the Los Angeles Superior Court, which the court denied on November 23, 2009. Id. at 26-29. Petitioner subsequently filed a petition in the California Court of Appeal, which the court denied summarily on January 22, 2010. Id. at 24. The California Supreme Court denied summarily a petition for review filed there on March 10, 2010. Id. at 22. The instant federal petition followed. Doc. #1.

## II

Petitioner seeks federal habeas corpus relief due to BPH's failure to grant him parole at his most recent parole suitability hearing on several grounds, which include that the decision is not supported by some evidence demonstrating his future dangerousness and that he poses a current threat to public safety. Liberally construed, Petitioner's claims appear colorable under the law and merit an Answer from Respondent. See Hayward v. Marshall, No. 06-55392, 2010 WL 1664977 at **10-11 (9th Cir. Apr. 22, 2010) (en banc) (finding cognizable on federal habeas review claims that California parole denials were made without some evidence of future dangerousness).

//
//
//
//

2

**III**

**For the foregoing reasons and for good cause shown,**

**1.   The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.**

**2.   Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.**

**If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.**

**3.   In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fifteen (15) days of receipt of any Opposition.**

**4.   Petitioner is reminded that all communications with**

3

the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED     05/17/10

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.10\Lewis-10-1621-osc-bph-post-hayward.wpd

**4**