IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VONDELL LEWIS, | No. C-10-1621 TEH (PR) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| RANDY GROUNDS, Warden, | |
| Respondent. | |

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he claimed that a decision by the Board of Parole Hearings to find him not suitable for parole violated his right to due process because it was not supported by sufficient evidence. Doc. #1. Respondent has filed an answer and Petitioner has filed a traverse. Doc. ## 6 & 7.

The United States Supreme Court recently made clear that in the context of a federal habeas challenge to the denial of parole, a prisoner subject to a parole statute similar to California's receives adequate process when BPH allows him an opportunity to be heard and provides him with a statement of the

reasons why parole was denied.  <u>Swarthout v. Cooke</u>, 131 S.Ct. 859, 862-63 (2011) (per curiam).  Here, the record shows Petitioner received at least this amount of process.  The Constitution does not require more.  <u>Swarthout</u>, 131 S.Ct at 862.

The Court also made clear that whether BPH's decision was supported by some evidence of current dangerousness is irrelevant in federal habeas:  "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." <u>Swarthout</u>, 131 S.Ct at 863.  Accordingly, the instant federal petition for a writ of habeas corpus is DENIED.

Further, a Certificate of Appealability is DENIED.  <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases.  Petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.  <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases.

//
//
//
//
//

2

The Clerk shall terminate any pending motions as moot, enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED     *03/04/2011*                    _____
                                          **THELTON E. HENDERSON**
                                          **United States District Judge**